**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 111675

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nancy Farrell and Mumtaz Yuksel, individually and on behalf of all others similarly situated, <br><br>Plaintiffs, <br><br>vs. <br><br>Encore Receivable Management, Inc., <br><br>Defendant. | Docket No: <br><br>**COMPLAINT-CLASS ACTION** <br><br>JURY TRIAL DEMANDED |

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Nancy Farrell and Mumtaz Yuksel, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Encore Receivable Management, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Nancy Farrell is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Mumtaz Yuksel is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant's principal place of business is located in Olathe, Kansas.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the debt").

12. The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt, Defendant contacted Plaintiff Farrell by letter dated February 29, 2016 ("**Exhibit 1**.")

16. In its efforts to collect the debt, Defendant contacted Plaintiff Yuksel by letter dated February 10, 2016. ("**Exhibit 1**.")

17. The letters were the initial communication to each Plaintiff received from Defendant.

18. The letters are identical in all material respects.

19. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

20. 15 U.S.C. § 1692g provides that within five days after the initial communication

with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

21. The written notice must contain the amount of the debt.

22. The written notice must contain the name of the creditor to whom the debt is owed.

23. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

24. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

25. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

27. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

28. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

29. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

30. While Defendant's letters contain the validation language required by 15 U.S.C. § 1692g, such is written in a font so small that it is difficult to read, and easy to overlook.

31. While Defendant's letters contain the validation language required by 15 U.S.C. § 1692g, such is written in a font so small that it encourages the least sophisticated consumer to

believe that the language is unimportant.

32. While Defendant's letters contain the validation language required by 15 U.S.C. § 1692g, such is written in a font so small that it discourages the least sophisticated consumer from reading it.

33. Defendant has failed to adequately set forth the language required by 15 U.S.C. § 1692g.

34. Defendant has failed to clearly set forth the language required by 15 U.S.C. § 1692g.

35. Defendant's conduct would likely make the least sophisticated consumer uncertain as to her rights.

36. Defendant's conduct would likely make the least sophisticated consumer confused as to her rights.

37. Defendant's conduct would likely make the least sophisticated consumer overlook her rights.

38. Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.

## CLASS ALLEGATIONS

39. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the state of New York from whom Defendant attempted to collect a consumer debt using the same unlawful means described herein, from one year before the date of this Complaint to the present.

40. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

41. Defendant regularly engages in debt collection, using the same unlawful conduct described herein, in its attempts to collect delinquent consumer debts from other persons.

42. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using the same unlawful conduct described herein.

43. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

44. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

45. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

46. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiffs as Class Representative of the Class, and their attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiffs' costs; together with

BARSHAY | SANDERS, PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

    g. Such other relief that the Court determines is just and proper.

DATED: January 29, 2017

                 **BARSHAY SANDERS, PLLC**

                By: */s/ Craig B. Sanders*
                Craig B. Sanders, Esq.
                100 Garden City Plaza, Suite 500
                Garden City, New York 11530
                Tel: (516) 203-7600
                Fax: (516) 706-5055
                csanders@barshaysanders.com
                *Attorneys for Plaintiffs*
                Our File No.: 111675